WILLIAM H. PEYCKE *vs.* UNITED ELECTRIC RAILWAYS CO.

JUNE 4, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of the case for negligence to recover damages for injuries sustained by plaintiff when struck by defendant's trolley car. The case was tried in the Superior Court, and, at the close of the plaintiff's testimony, the trial justice directed the jury to return a verdict for defendant on the ground of contributory negligence. The case is before this court on plaintiff's exception to the direction of the verdict.

It appears in the record that for more than 10 years preceding July 3, 1924, plaintiff lived in the northerly part

of the city of Providence and that his place of business was on Wickenden street in the southerly part of the city. To go from his home to his place of business he rode on defendant's trolley cars. It was necessary for him to change cars at Market Square. This square is made by a number of intersecting streets and bridges. Westminster street is on the northerly side of the square. This street runs east and west. Crossing Westminster street at right angles just east of the river is a highway. The part of this highway north of Westminster street is known as Canal street and the part south of it is called South Water street. Defendant operated trolley cars on all of these streets. One line of cars ran south on Canal street across Westminster street to South Water street and thence to Wickenden street. The south-bound car track on Canal street was connected by switch with the west-bound car track on Westminster street. This switch was on Canal street about 30 feet north of Westminster street. The curve of the track from Canal street into Westminster street was very sharp.

Plaintiff testified that about 7 o'clock, p. m., July 3, 1924, he stood in the middle of the sidewalk on the northerly side of Westminster street near its intersection by Canal street awaiting a south-bound car on Canal street to take him to Wickenden street. There was a white post on Canal street near the switch and plaintiff could take the car there or he could walk southerly across Market square and take a car at a white post on South Water street. Plaintiff looked to the north and saw a car marked "Providence-Luther's Corner" coming on Canal street. This was the car he wished to take as it was routed to go straight across Westminster street to South Water street and thence to Wickenden street. The car was coming very fast and, thinking he could not reach the white post on Canal street in time to stop the car, he started to walk across Westminster street to South Water street to take the car there at the white post. He took five steps to the curbing and was in the center of the west-bound car track on Westminster street

(the nearest rail of which was about 18 inches from the curbing) when he was struck by the south-bound car which had taken the switch and turned west into Westminster street. About two-thirds of the car had gone around the curve when it struck the plaintiff. The car was stopped, backed into Canal street and then continued on its route southerly across Westminster street to South Water street. It is in evidence that the motorman said that the car split the switch. Plaintiff's testimony was that the motorman increased the speed of the car as it approached the switch and gave no warning as the car approached Westminster street. He testified that he looked to his left and to his right before he stepped from the sidewalk into the street and that no car was then in sight on Westminster street. He also testified that for ten years he had seen cars for Luther's Corner going south on Canal street across Westminster street to South Water street and had never known any of them to turn into Westminster street. Did the trial justice err in directing a verdict for defendant on the ground that the testimony showed that plaintiff was guilty of contributory negligence? The question must be answered in the affirmative.

We have said many times that generally the question of contributory negligence is for determination by the jury and also that a verdict should not be directed for the defendant if, on any reasonable view of the testimony, the plaintiff can recover. *Gilbane* v. *Lent*, 41 R. I. 462; *O'Donnell* v. *United Electric Railways Co.*, 48 R. I. 18. To constitute contributory negligence barring a recovery there must be a want of ordinary care on the part of the plaintiff and a proximate connection between that negligence and the injury. 2 W. & P. 1542. The doctrine of proximate cause is recognized in this State. *Mahogany* v. *Ward*, 16 R. I. 479. In *Nelson* v. *Narragansett Electric Lighting Co.*, 26 R. I. 258, it was held that the proximate cause of an accident was the breaking of an electric light globe by a trolley pole which had slipped from a trolley wire and not the hanging of the

globe in close proximity to the wire. See also *Prue* v. *N. Y. Prov. & B. R. R. Co.*, 18 R. I. 360; *Afflick* v. *Bates*, 21 R. I. 281; *Prue* v. *Goodrich Oil Co.*, 49 R. I. 120. The question as to whose negligence is the direct and proximate cause of an accident is usually one of fact for the jury to determine from all the facts and circumstances in evidence. A person who walks on the tracks of a street railway in a public highway is not guilty of contributory negligence when he exercises such caution and care as ordinarily prudent and careful men would exercise under like circumstances and conditions and in like places. 25 R. C. L. 1286. It is a generally accepted rule that a person is required to be on his guard against such perils only as a reasonable man might apprehend in like circumstances. *Gilbane* v. *Lent*, 41 R. I. 462.

In *Najarian* v. *Jersey City, &c. Railway Co.*, 23 L. R. A., (N. S.) 751, defendant was held liable for the death of a pedestrian in a street, caused by being hit by the rear end of a car, which left the track because it split a switch. In *Fellers* v. *Warren St. Ry. Co.*, 26 Penn. Sup. Ct. Rep. 31, it was held that the questions of defendant's negligence and plaintiff's contributory negligence were questions for the jury where plaintiff was injured while walking over a switch on a sidewalk and was struck by a car moving at excessive speed and without warning.

In this case plaintiff was not walking on the south-bound track but was walking nearly parallel with and several feet from it crossing the west-bound track when he was struck by the south-bound car which had split the switch and came rapidly from behind him around the curve into the west-bound track without warning. It is obvious that if the south-bound car had kept on its route plaintiff would not have been injured. Under the testimony the jury might reasonably have found that plaintiff was not negligent in crossing the track on Westminster street and that the proximate cause of his injury was the negligent operation of the car causing it to split the switch and to come around the corner without warning.

Plaintiff's exception is sustained. The case is remitted to the Superior Court for a new trial.

*Edward DeV. O'Connor, John H. McGough, Edward G. O'Connor,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney, G. Frederick Frost,* for defendant.